UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

HERMAN HALL,

*Defendant-Appellant.*

No. 02-4523

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Margaret B. Seymour, District Judge.
(CR-01-353)

Submitted: January 30, 2003

Decided: February 6, 2003

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Herman Hall appeals his conviction by a jury for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Government did not file a reply brief. Finding no reversible error, we affirm.

On appeal, Hall contends that his Fourth Amendment rights were violated when a state trooper searched him after a traffic stop, and therefore the court erred in admitting the firearm found during the search. Hall did not raise this issue below, we therefore review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Our review of the record reveals that the search was justified, the firearm found during the trooper's search was admissible, and the district court did not clearly err in admitting the evidence. *See United States v. Hensley*, 469 U.S. 221, 235 (1985); *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

Next, Hall contends that the evidence was not sufficient to support his conviction. Construing the evidence in the light most favorable to the Government, we find a reasonable trier of fact could have found Hall guilty beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942).

Hall also contends that the district court gave the jury a coercive *Allen v. United States*, 164 U.S. 492 (1896), charge. Because Hall failed to object at trial, we review for plain error. *Olano*, 507 U.S. at 725. We conclude from the materials before us that the *Allen* charge was not coercive, and find no plain error.

Last, Hall contended at his sentencing hearing that the government agent who testified before the grand jury misled the grand jury to believe something about him that was not true. Any error in the presentation to the grand jury is harmless in light of the trial jury's finding that Hall's guilt was established beyond a reasonable doubt. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986).

Hall filed a pro se supplemental brief raising issues of destruction of evidence in violation of his due process rights, and ineffective assistance of counsel for failure to investigate the videotape destruction and fingerprint evidence on the firearm, and by filing an *Anders* brief on appeal. We have reviewed the record and find these claims meritless. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) (ineffective assistance must conclusively appear from the record); *United States v. Sanders*, 954 F.2d 227, 231 (4th Cir. 1992) (rejecting a defendant's due process claim based upon the erasure of a potentially exculpatory videotape in the absence of showing bad faith).

We therefore affirm the judgment. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hall's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*